IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA


KAREN HOLLAWAY,                        )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )        Case No. CIV-07-406-D
                                       )
PRINCIPAL LIFE INSURANCE COMPANY, )
                                       )
                    Defendant.         )


**O R D E R**

Before the Court are Plaintiff's Motion for Attorney Fees [Doc. No. 41], and Motion to

Deem Application for Attorney Fees and Costs as Timely Filed [Doc. No. 56]. Defendant has timely

opposed both motions. Plaintiff has filed a reply brief regarding the first motion, and has informed

the Court's staff through her attorney that she will not file a reply brief regarding the second motion.

The motions are thus at issue.

Plaintiff concedes her attorney-fee motion was not filed within 14 days after the entry of

judgment, as required by Fed. R. Civ. P. 54(d)(2)(B). It was filed two days late due to "internet

difficulties" experienced by her counsel when attempting an electronic filing. *See* Motion to Deem

Appl. Timely Filed [Doc. No. 56], ¶ 2. Defendant correctly notes that this reason is insufficient to

excuse an untimely filing. *See* ECF Policies & Procedures Manual, § II.F.2 (May 30, 2006).

However, the Court may grant appropriate relief "[u]pon a showing of good cause." *Id*. In the

context of a motion made after the time period has expired, the requirement of "good cause" means

"excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B); *see also Quigley v. Rosenthal*, 427 F.3d 1232,

1237-38 (10th Cir. 2005). Taking into account the relevant circumstances,[1] the Court finds that Plaintiff's late filing should be excused and that her Motion for Attorney Fees should be considered on the merits.

Plaintiff asks the Court to award attorney fees incurred in prevailing on an ERISA claim under 29 U.S.C. § 1132(a)(1)(B) to recover plan benefits. Her request is governed by a statutory provision that authorizes the Court "in its discretion [to] award a reasonable attorney's fee and costs of the action to either party." 29 U.S.C. § 1132(g)(1). Factors to be considered in deciding whether to exercise this discretion include:

> (1) the degree of the offending party's culpability or bad faith; (2) the degree of the ability of the offending party to satisfy an award of attorney fees; (3) whether or not an award of attorney fees against the offending party would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the plan as a whole; and (5) the relative merits of the parties' positions.

*Deboard v. Sunshine Min. and Refining Co.*, 208 F.3d 1228, 1244 (10th Cir. 2000); *see Pratt v. Petroleum Prod. Management Inc. Employee Sav. Plan & Trust*, 920 F.2d 651, 664 (10th Cir. 1990). Applying these factors here, the Court finds that the only factor that weighs in Plaintiff's favor is Defendant's financial ability to pay an award. Under the circumstances, the Court declines to grant attorney fees to Plaintiff.

Plaintiff obtained a judgment awarding her an amount of unpaid monthly benefits that the Court determined she was entitled to receive under her employer's long term disability plan. Pursuant to a stipulation of the parties, the Court applied a *de novo* standard of judicial review and simply decided whether it agreed with Defendant's decision concerning the amount of Plaintiff's

---

[1] "Such circumstances include '[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

monthly benefit.  *See* Order 6/29/09 [Doc. No. 38] at 2.  The record contains no evidence to suggest any culpability or improper conduct on Defendant's part.  Nor does the record provide any reason to suggest that an award of fees would deter similar decisions by other claim administrators. Moreover,  Plaintiff's recovery did not confer a benefit on any plan member but herself.  Finally, the Court found merit in the positions of both parties but ultimately sided with Plaintiff because the administrative record did not establish an amount of monthly earnings other than Plaintiff's actual wages, despite allegations that she fraudulently inflated her salary as office manager.  In short, under the circumstances of this case, the Court declines to penalize Defendant for a latent error in calculating the amount of Plaintiff's monthly benefit.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Deem Application for Attorney Fees and Costs as Timely Filed [Doc. No. 56] is GRANTED but Plaintiff's Motion for Attorney Fees [Doc. No. 41] is DENIED.

IT IS SO ORDERED this 4th day of September, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE